Ducker, Judge:
Claimant, Guy E. McCoy, alleges that he should be refunded by the Auditor and the Secretary of State of the State of West Virginia the sum of $225, which sum is composed of (1) $60 he paid for a corporation charter obtained on June 18, 1965 and charter taxes through June 30,1966, (2) $50 he paid on September 23, 1965 when he requested approval by the State Auditor as the Commissioner of Securities of a stock offering, (3) $110 for registration to sell stock, and (4) $5 fee paid the Secretary of State to dissolve the corporation. The claim is based upon *160 the refusal by the Director of Securities to issue claimant a permit or license to sell the shares of capital stock of the corporation which he organized and dissolved. Liability on the claim was totally denied by the respondents on the basis that the fees paid were not refundable under the statute and were not collected upon the contingency of the claimant’s success in obtaining a permit to sell the shares of the capital stock of the corporation or upon any other contingency.
The facts are entirely clear that claimant organized and obtained a charter for a corporation whose purpose was to engage in the manufacture of glass and glass products, commencing business with $5,000.00 deposited in the Harrison County Bank; that he had an approved bank loan of $16,000 and an approved U.S. Government ARA loan of $40,000, making a total of $61,000. Claimant desired to sell shares of the corporation in the amount of $50,000 and so applied to the Director of Securities for such permission and authority. The Securities Division advised claimant that among other requirements he would have to have $5,000 more capital in order to meet the State’s requirements in that regard. Claimant contends that with the loans he had obtained he had sufficient funds for operation of the business without the $5,000 additional capital required by the State. Claimant never obtained the $5,000 additional capital, nor does it appear that he or his corporation ever met a number of other requirements specified by the Securities Division, and consequently claimant was not given permission to sell $50,000 worth of the company’s stock, and thereafter the corporation was dissolved.
It is to be noted first that Section 6, Article 1, Chapter 32 of the Code of West Virginia specifically provides with reference to fees paid in the matter of an application for permission to sell corporate securities that “when an application is denied, the Commissioner shall retain the registration fee deposited.” Even if this were not the express statutory law in that regard, we are of the opinion that it would take such a law to allow a refund to be authorized.
Claimant obtained the charter for his corporation by paying the statutory fee therefor. There was no agreement on the part of the State as to what he should do with it or as to whether it was going to continue to exist or be dissolved. The State *161 could not function on any such contingency, and it is inconceivable that one should think so, and, of course, there can be no basis for refunding any such costs to anyone on that account. We regret that anyone has such a conception that either the law or justice dictates any such liability. The work in issuing the charter is done when issued and the consequences to incorporators is an entirely different matter.
As to application for permission to sell shares of stock of the corporation in the amount of $50,000, there appears no conflict in the evidence. Claimant did not meet the requirements of the Director of Securities, who concluded that in order for the shares to be proper for sale to the public or to the persons interested there need be an additional $5,000 added to its capital structure. Loans in the total sum of $56,000 would constitute only liabilities in that amount, leaving only the $5,000 original capital as an equity of the business. This fact on its face without the other requirements specified would seem to justify the Commissioner in his refusal to issue the permit or authorization requested. The claimant does not show sufficient cause for this Court to think he has been unfairly treated. This Court is not to be substituted for courts which under the statute have jurisdiction to hear an appeal from, and if necessary overrule, a decision of the Commissioner.
From the facts and according to the law, we are of the opinion that claimant is not entitled to recover on his claim, and, accordingly, we deny and make no award to him in the matter.
Claim disallowed.